737 P.2d 402

**David A. BECK and Patricia Beck, husband and wife, Plaintiffs/Appellants,**

**v.**

**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado corporation, Defendant/Appellee.**

**No. 2 CA–CV 5961.**

Court of Appeals of Arizona, Division 2, Department B.

March 26, 1987.

DePrima & Luna by Maureen R. Brock and Anthony E. DePrima, Phoenix, for plaintiffs/appellants.

Fennemore, Craig, von Ammon, Udall & Powers, P.C. by Lawrence A. Peshkin and Christopher G. Hamill, Phoenix, for defendant/appellee.

## OPINION

LACAGNINA, Judge.

David A. Beck and Patricia Beck appeal from a summary judgment granted in favor of Mountain States Telephone and Telegraph Company (Mountain Bell) on a claim for injuries suffered by David A. Beck, a pedestrian, when he was struck by a motor vehicle. The trial court rejected Becks' claims that Mountain Bell's conduct was a violation of A.R.S. § 28–873, negligence per se and common law negligence. After a review of undisputed material facts, we affirm the judgment of the trial court because there was no evidence of a statutory violation and, under the circumstances of this case, no duty owed to Beck by Mountain Bell when he was injured while jaywalking.

## FACTS

The following undisputed material facts support the judgment that Mountain Bell is not liable as a matter of law.

1. Mountain Bell was performing work within a highway easement, adjacent to a paved portion of Cave Creek Road.

2. A Mountain Bell employee doing the work transported his backhoe to this location on a trailer pulled by a truck and parked two to three feet west of the paved portion of Cave Creek Road, approximately 45 feet north of the north curb line of Michigan Avenue. He set out orange markers in front of and behind the truck and trailer. The truck and trailer were parked adjacent to a "no parking within fifty feet" sign erected by the City of Phoenix.

3. After the backhoe was unloaded, the Mountain Bell employee used it to dig in an area adjacent to the parked truck and trailer within the highway easement, which also included an easement for utilities.

4. Mountain Bell paid fifteen cents per foot for a permit issued by the City of Phoenix to install 2,085 feet of buried cable. Approximately 30 feet of the trench was outside the Phoenix city limits. The "No Parking" sign erected by the City of Phoenix and the truck and trailer were located on the portion of the 2,085 feet not within the city limits.

5. David Beck, a painter of homes and commercial property, arrived at the construction site to discuss the painting of a 122–unit apartment complex under construction on the northwest corner of Cave Creek Road and Michigan Avenue. He crossed Cave Creek Road from a construction trailer on the east side of the road to the apartment complex on the west side of Cave Creek and was subsequently struck by a vehicle as he was re-crossing back to the construction trailer. At the time he was injured, Beck had traveled approximately eight feet on the paved portion of the southbound lane of Cave Creek Road and was not within a marked or unmarked crosswalk.

## NEGLIGENCE PER SE

Becks argue Mountain Bell was negligent per se because its truck and trailer were parked in violation of A.R.S.

§ 28–873(14). That provision, as it existed in October, 1983, when Beck was injured, reads as follows:

> No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places:
>
> \* \* \* \* \* \*
>
> 14. At any place where official signs prohibit standing or stopping.

Mountain Bell argues § 28–873 is inapplicable to the facts of this case because it had a permit from the City of Phoenix which entitled it to park in the right-of-way off of the paved portion of a highway and further argues it was exempt by virtue of A.R.S. § 28–623(B) which states:

> B. Unless specifically made applicable, the provisions of this chapter shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway, or to railroad employees working on a railroad track or tracks crossing the highway, but shall apply to such persons and vehicles when traveling to or from such work.

We agree with Mountain Bell because a reasonable interpretation of the language in § 28–623(B) "actually engaged in work upon the surface of a highway" reasonably includes more than construction or repair of the paved surface of a highway. Interpretation of a statute is a matter of law. *Greyhound Parks of Arizona, Inc. v. Waitman*, 105 Ariz. 374, 464 P.2d 966 (1970); *State v. Locks*, 94 Ariz. 134, 382 P.2d 241 (1963).

Highway is defined by A.R.S. § 28–101(50) as "the entire width between the boundary lines of every way when any part thereof is open to the use of the public for purposes of vehicular travel." Mountain Bell was within the boundaries of a highway even though the work was adjacent to the paved portion of Cave Creek Road and therefore is entitled to the exemption provided by § 28–623(B).

In addition, § 28–623(B) is intended to cover all work performed in connection with a highway such as cleaning weeds from the right-of-way, erecting or maintaining guard rails, shoulders and berms adjacent to the paved surface, intersecting overhead bridges and wires, intersecting water culverts, etc. It is the *use of the surface* of the highway that is exempt. The excavation of a utility pit within the highway right-of-way easement, which easement permits the use of the right-of-way for utilities, was conduct exempt from the no parking statute, § 28–873(14) and not negligence as a matter of law.

Webster's Third New International Dictionary of the English Language Unabridged at 751 (1971), defines engaged as follows: "to begin and carry on an enterprise." "Actually engaged" as used in the statute necessarily includes not only the persons doing the work, but also the equipment necessary for the job and ancillary vehicles and equipment required to perform the task. The truck and trailer used to bring the backhoe to the job site were properly engaged in the work, and only a narrow, highly technical, and unreasonable interpretation of § 28–623(B) would result in a holding that only the person and equipment being used at any *precise moment in time* was exempt, and that all other persons and equipment being used as ancillary to the overall project were not exempt. This interpretation is absurd and would require the movement on, off and away from the highway right-of-way of all persons and equipment and materials not immediately being used in connection with lawful work within the right-of-way. Such an absurd requirement was not contemplated by the legislature. *See Smith v. Pima County Law Enforcement Council*, 113 Ariz. 154, 548 P.2d 1151 (1976).

### COMMON LAW NEGLIGENCE

■ Having decided Mountain Bell did not violate § 28–873, we now must determine whether the facts demonstrate the existence of a common law duty owed by Mountain Bell to Beck. In order to prove negligence, Beck was required to show the existence of a duty owed him by Mountain Bell, the breach of which proximately

caused his injuries. The court decides whether or not a duty exists. *Markowitz v. Arizona Parks Board,* 146 Ariz. 352, 706 P.2d 364 (1986). In *Markowitz* the Arizona Supreme Court defined the question of duty as "whether the relationship of the parties was such that the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff." *Id.* at 356, 706 P.2d at 368.

■ Under the facts of this case, we hold that the owner of a vehicle which is lawfully parked off the paved, travelled portion of a highway, has no obligation to prevent injury to a jaywalking pedestrian. To hold otherwise would require every owner of a parked vehicle adjacent to a street or highway to remain with his vehicle to warn anyone who walks behind or in front of oncoming traffic. The law does not require this, but rather permits owners to leave their parked vehicles unattended without the obligation to prevent injury to pedestrians who claim the vehicle obscured their view of oncoming traffic. Having found no duty as a matter of law, we need not decide the other issues raised on appeal regarding breach of duty, standard of care, proximate cause, the authority of the city to erect the "No Parking" sign, the exemption provided by the city's permit, and whether Beck was within the class intended for protection by the no parking statute.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.