874 P.2d 997

**Ismael SARMIENTO, an unmarried adult, Plaintiff–Appellant,**

v.

**STUBBLEFIELD'S CUSTOM CON-CRETE, INC., an Arizona corporation, Defendant–Appellee.**

No. 1 CA–CV 91–0586.

Court of Appeals of Arizona, Division 1, Department C.

April 26, 1994.

Roush, McCracken & Guerrero by Peter A. Guerrero, Phoenix, for appellant.

Garrey & Curran, P.C. by D. Reid Garrey, James B. Bowen, Phoenix, for appellee.

## OPINION

FIDEL, Judge.

The trial court directed a verdict for defendant Stubblefield's Custom Concrete, Inc., in plaintiff Ismael Sarmiento's action for injuries suffered in a construction accident. The trial court ruled that Stubblefield's, a subcontractor, owed no duty to Sarmiento, another subcontractor's employee. We reverse because Stubblefield's owed Sarmiento the duty to perform its work in a manner that did not create an unreasonable risk of injury to other subcontractors' employees.

## I. FACTS

Stubblefield's, a concrete subcontractor, poured a concrete slab floor at a relatively early stage in the construction of a school gymnasium. The floor contained 13 "block-outs" for later placement of sleeves to support volleyball and badminton net poles. Stubblefield's, which left the worksite after laying the slab, was to return and install the sleeves at a later construction stage. For the interim, Stubblefield's did not fill in the block-outs and left them uncovered, unguarded, and unmarked. Each block-out was approximately two feet square and four inches deep.

Four to six weeks later, before Stubblefield's return, Sarmiento was injured in a fall. Sarmiento and a co-employee were installing fire protection sprinklers in the gymnasium ceiling from an elevated mobile "scissor aerial lift." When the co-employee, the driver, caught a wheel in one of the block-outs while maneuvering the lift across the slab, the lift toppled, throwing Sarmiento and the driver 12½ feet to the ground.

1. Plaintiff settled his claim against the general

Sarmiento introduced expert evidence to establish that the block-outs should have been covered or temporarily filled in to relieve an otherwise unreasonable risk of injury to workers on the jobsite. Though such evidence was disputed, we accept it in the light that favors Sarmiento—the party against whom the directed verdict was entered. *See, e.g., Times Mirror Co. v. Sisk,* 122 Ariz. 174, 178, 593 P.2d 924, 928 (App.1978).

Although Stubblefield's followed specifications when it placed block-outs in the slab, the plans neither specified that Stubblefield's should temporarily fill in or cover the block-outs nor specified that it should not. Likewise, the general contractor neither directed Stubblefield's to take such precautions nor directed it not to do so. Nor did the general contractor take such precautions on its own. Although Robert Stubblefield, Stubblefield's field superintendent, testified that it was common practice to leave such block-outs open, he also testified that, if he had wished to do so, he could have placed temporary filler in the block-outs without asking the general contractor's permission.

## II. DISCUSSION

### A. Stubblefield's Duty to Perform its Work with Reasonable Care

The trial court ruled that Stubblefield's had no duty to Sarmiento. In defense of this ruling, Stubblefield's argues that if anyone was obliged to fill in or cover the block-outs, that duty was owed by the general contractor, not by Stubblefield's. Citing *Durnin v. Karber Air Conditioning Co.,* Stubblefield's argues that the problem of the block-outs fell exclusively within the general contractor's duty to oversee the safety of a work space jointly used by the employees of multiple subcontractors. 161 Ariz. 416, 778 P.2d 1312 (App.1989).

We agree that responsibility for alleviating danger created by the block-outs fell in part within the general contractor's responsibility to oversee joint work space safety. *See, e.g., Lewis v. N.J. Riebe Enter., Inc.,* 170 Ariz. 384, 825 P.2d 5 (1992).[1] We

contractor, who was formerly a codefendant in

also agree that the duty to manage and oversee joint work space safety belonged to the general contractor alone. *Durnin,* 161 Ariz. at 419–20, 778 P.2d at 1315–16. This does not end the inquiry, however. An injury may result from the acts or omissions of multiple contributing parties. Inquiry therefore turns to whether the evidence permits the conclusion that Stubblefield's contributed to causing plaintiff's injuries by violating a duty separate and distinct from the general contractor's duty to oversee the safety of the joint work space.

It helps in answering this question to return to *Durnin.* In that case we held that the trial court had correctly rejected the plaintiff's request to instruct the jury that a subcontractor, as possessor of a portion of the worksite, shares the general contractor's *premises liability* for failure to keep common work space reasonably safe. We explained:

> In Arizona, premises liability has not been extended to include subcontractor liability for his discrete working area where the entire premises is in the control or possession of the general or prime contractor. The general contractor in control of the premises has certain duties to the employees of a subcontractor that are usually likened to those of a possessor of land to invitees. One of these duties is to keep joint working spaces reasonably safe.... Each subcontractor is generally responsible for the safe operation of its part of the work.

161 Ariz. at 419, 778 P.2d at 1315 (citations omitted).

■■■ In this case, however, unlike *Durnin,* the plaintiff does not seek, by jury instruction or otherwise, to charge a subcontractor with the general contractor's duty to oversee the safety of joint work space. Instead the plaintiff claims that Stubblefield's breached what *Durnin* recognized as a subcontractor's separate and unrelinquished duty to perform its part of the work with reasonable care. *Id.* ("Each subcontractor is generally responsible for the safe operation of its part of the work."). Specifically, Sarmiento claims that Stubblefield's neglected, after cutting potentially dangerous block-outs in the slab, to reasonably alleviate the danger by covering the block-outs or by temporarily filling them in. Because the subcontractor's duty to perform its work with reasonable care is not erased by the general contractor's duty to keep joint work space reasonably safe, plaintiff pursued a viable theory of duty in this case.[2]

## B. The Accepted Work Rule

Stubblefield's argues in the alternative that even if block-out danger prevention fell within its arguable range of duty, Stubblefield's was relieved of associated liability when the general contractor accepted the slab with open block-outs and permitted

---

2. In explaining its decision to direct a verdict, the trial court commented that the plaintiffs had failed "to establish a duty on the part of Defendant Stubblefield toward Plaintiffs" and "to establish a *prima facie* case" to reach a jury under *Orme School v. Reeves,* 166 Ariz. 301, 802 P.2d 1000 (1990). *Orme School* permits a directed verdict "if the facts produced in support of the claim ... have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the [claim]." 166 Ariz. at 309, 802 P.2d at 1008. The plaintiffs' evidence in this case not only included Stubblefield's field superintendent's concession that he had discretion to fill in the blockouts; it also included a safety expert's testimony that the unguarded and uncovered blockouts created a hazardous or dangerous condition, violated OSHA regulations, violated commonly recognized safety practices and principles, and unreasonably placed the burden on other workers to adequately protect themselves from the hazards associated with the blockouts. It appears from the record that the trial court's rejection of the sufficiency of this evidence was a product of its conclusion that the defendant owed no duty to the plaintiffs, a conclusion we have rejected. Lest there be any doubt on remand, however, we conclude that plaintiffs' evidence suffices under *Orme School* to reach a jury not only on the issue of duty, but on the issues of breach and causation as well. Plaintiff's liability evidence was contested; however, as our supreme court stated in *Orme School:* " 'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.' " *Id.* at 309–10, 802 P.2d at 1008–09 (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986)).

Stubblefield's to leave the site. In support, Stubblefield's invokes the "accepted work rule," which in limited circumstances relieves a contractor of liability for injuries arising from completed work that the project owner or general contractor has accepted. *See generally L.H. Bell & Associates, Inc. v. Granger,* 112 Ariz. 440, 543 P.2d 428 (1975).

The accepted work rule, however, is "a narrow rule of nonliability." *Porras v. Campbell Sales Co.,* 121 Ariz. 320, 322, 589 P.2d 1352, 1354 (App.1978). As we emphasized in *Porras,* quoting our supreme court in *L.H. Bell,*

> "[T]his rule applies only when the contractor has no discretion and is merely following the plans and specifications provided by the employer."

*Porras,* 121 Ariz. at 322, 589 P.2d at 1354 (quoting *L.H. Bell,* 112 Ariz. at 445, 543 P.2d at 433).

The accepted work rule would have been applicable in this case if, upon laying the slab in accordance with plans and specifications, Stubblefield's had been *required* by the general contractor to leave the block-outs uncovered and unfilled. In this case, however, Stubblefield's, by its field superintendent's admission, had discretion to fill the block-outs if it chose, and without asking the general contractor's permission. Under these circumstances, *because defendant had discretion to perform the specific act whose omission is charged as negligence,* the accepted work rule does not apply.

### III. CONCLUSION

The trial court found that Stubblefield's had no duty in this case. A finding of no duty, according to our supreme court, means that someone in defendant's position could "never be liable, no matter what the circumstances." *Markowitz v. Arizona Parks Bd.,* 146 Ariz. 352, 357, 706 P.2d 364, 369 (1985). In making such a finding the trial court overlooked that Stubblefield's had a duty to exercise available discretion in performing its work to avoid creating an unreasonable risk to other subcontractors' employees. Because the trial court's finding of no duty was erroneous, we reverse the verdict directed for

Stubblefield's, and we direct the trial court on remand to grant Sarmiento a new trial.

LANKFORD, P.J., and EHRLICH, J., concur.