953 P.2d 931

Joe Bill THOMAS and Nancy Thomas, husband and wife, Plaintiffs–Appellants,

v.

The L. Kenneth and Ollie Mae BAKER FAMILY TRUST; Hall Brake Supply, Defendants–Appellees.

No. 1 CA–CV 96–0456.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 18, 1997.

Review Denied April 21, 1998.*

Glynn W. Gilcrease, Jr., Tempe, for Plaintiffs–Appellants.

Jennings, Strouss & Salmon, P.L.C. by James M. Ackerman and Brad A. Denton, Phoenix, for Defendants–Appellees.

## OPINION

FIDEL, Presiding Judge.

The Phoenix City Code imposes a duty upon the owner or lessee of land abutting a sidewalk to keep the sidewalk in repair. Does this duty extend to an unimproved sidewalk right-of-way where no sidewalk has been constructed? We hold that it does not.

### I.

While on duty as uniformed bicycle officers with the Phoenix Police Department, Plaintiff Joe Bill Thomas and his partner recognized a drug suspect and pursued him. During the pursuit, Thomas steered his bicycle onto a dirt right-of-way abutting a lot that Defendants own and occupy.[1] Thomas continued eastward on the right-of-way until the front tire of his bicycle struck the edge of a concrete sidewalk abutting a neighboring lot owned by one James Burger. The sidewalk edge was located completely upon the right-of-way abutting the Burger property, but only three inches from Defendants' property line. The impact propelled Thomas from his bicycle, and he landed on his head.

---

* Jones, V.C.J., recused himself and did not participate in the determination of this matter.

1. Defendant Baker Family Trust owns the lot, and Defendant Hall Brake Supply operates a business on the premises.

Plaintiffs filed a personal injury complaint,[2] Defendants moved for summary judgment, and the trial court granted their motion, ruling that "Defendant[s] had no legal duty to correct or warn of a defect on their neighbor's land." Plaintiffs then filed a motion for a new trial, the trial court denied their motion, and Plaintiffs filed this timely appeal. For reasons that follow, we affirm.

## II.

The trial court defined the dangerous condition that led to Thomas's injuries as the abruptly elevated sidewalk edge—a condition that abutted only the neighboring property and not that of Defendants. Plaintiffs argue that the trial court too narrowly defined the dangerous condition. The danger, they argue, arose not merely from the paved sidewalk abutting the neighbor's property, but also from the immediately contiguous, unlighted, unpaved right-of-way abutting Defendants' property, and from the absence of any transition between the two. These factors in combination, Plaintiffs argue, caused the injury; neither could have done so on its own.

■ We need not decide this definitional question in order to resolve this appeal. It suffices to assume for the purpose of decision that the condition of the right-of-way abutting Defendant's property contributed to the danger to bypassers such as Plaintiff. This assumption permits us to turn to the question whether Defendants had any duty of reasonable care toward bypassers using the right-of-way. *See Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 355, 706 P.2d 364, 367 (1985). This question is one of law. *Id.* at 354, 706 P.2d at 366.

■ Generally, "a property owner is under no common-law duty to use due care to keep safe the sidewalk abutting his premises." *Cummings v. Henninger*, 28 Ariz. 207, 211, 236 P. 701, 702 (1925); RESTATEMENT (SECOND) OF TORTS § 349 illus. 1, 2. However, such a duty may be imposed by statute or city ordinance. Plaintiffs claim that such a duty is imposed in the City of Phoenix under the Phoenix City Code, which establishes the "duty of the owner or the lessee of any lot or parcel abutting upon any sidewalk now or hereafter constructed in the City to keep and maintain such sidewalk in repair." PHOENIX, ARIZ., CITY CODE, STREETS AND SIDEWALKS, art. IV, § 31–54 (Supp.1990).[3] Defendants respond that the unimproved right-of-way abutting their property is not a sidewalk within the meaning of § 31–54.

The term "sidewalk" is expansively defined in the Uniform Act Regulating Traffic on Highways as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines. . . ." ARIZ.REV.STAT. ANN. § 28–602(21) (Supp.1997). A similar definition is provided in article II of the Phoenix City Code, which concerns "Street and Sidewalk Vending." *See* PHOENIX, ARIZ., CITY CODE, STREETS AND SIDEWALKS, art. II, § 31–22 (Supp.1996).[4] This expansive definition, if applicable, includes the unimproved right-of-way abutting Defendants' property.

■ The ordinance invoked by Plaintiffs, however, does not impose a duty of repair upon a landowner or possessor abutting any "sidewalk," broadly defined. To the contrary, as Defendants pointed out in oral argument, the duty of repair set forth in § 31–54 extends only to "the owner or the lessee

---

2. The complaint named the Baker Family Trust, Hall Brake Supply, and James Burger as Defendants. After stipulation by Plaintiffs and Defendant Estate of James Burger, the court ordered the dismissal of the action with prejudice as to Burger.

3. The Code imposes liability upon an abutting owner who breaches this duty:

Any owner of any lot or parcel of land abutting on any sidewalk of the City who fails to keep the same in repair, shall be liable for any damage on account of any injury that may be occasioned by reason of the defective condition

or want of repair of any sidewalk within the City.

*Id.* § 31–55.

4. Section 31–22 defines "Sidewalk" as "that portion of a public right-of-way between the curb line of a street and the adjacent property line, or, if there is no curb line, then 'sidewalk' shall mean that portion of a public right-of-way between the lateral boundary line of the pavement of a street and the adjacent property line, or, if there is no pavement, then ... the lateral boundary line of the demarcated unsurfaced street and the adjacent property line."

of any lot or parcel abutting upon any *sidewalk now or hereafter constructed.*[5] (emphasis added). A duty limited to possessors abutting "constructed" sidewalks does not extend to possessors abutting unimproved right-of-ways. *Cf. Pima County v. Heinfeld,* 134 Ariz. 133, 134, 654 P.2d 281, 282 (1982) (A statutory "expression of one or more items of a class indicates an intent to exclude all items of the same class which are not expressed."). For such unimproved right-of-ways, the common law remains in effect. *See Carrow Co. v. Lusby,* 167 Ariz. 18, 21, 804 P.2d 747, 750 (1990) ("Statutes are not to be construed as effecting any change in the common law beyond that which is clearly indicated.").

Because Defendants did not owe Thomas a duty to repair or warn of the condition of the unimproved right-of-way abutting their property, we affirm the trial court's grant of Defendants' motion for summary judgment and its denial of Plaintiffs' motion for a new trial.

GERBER and THOMPSON, JJ., concur.

---

5. Because the duty of repair is expressly limited by § 31–54 to "constructed" sidewalks, we read a similar limitation into the related § 31–55, which imposes liability upon abutting owners for any damage resulting from a failure to satisfy that duty of repair.