HURWITZ, Justice,
concurring.
¶ 33 The Court correctly applies our precedents in determining that Kasey owed Folio-will a duty of care. I write briefly to suggest that our analysis of duty might be aided in the future by adopting a different conceptual approach.
¶ 34 The Court’s analysis today and in our prior cases largely centers on determining whether we should impose a duty on the particular defendant before us. But, as the Court notes, Op. ¶ 24 n. 4, under the common law “every person is under a duty to avoid creating situations which pose an unreasonable risk of harm to others.” Ontiveros v. Borak, 136 Ariz. 500, 509, 667 P.2d 200, 209 (1983). Or as the proposed Third Restatement of Torts puts the matter, “[a]n actor ordinarily has a duty to exercise reasonable care when the actor’s conduct creates a risk of physical harm.” See Restatement (Third) of Torts: Liability for Physical Harm § 7(a) (Proposed Final Draft No. 1, 2005) [hereinafter “Third Restatement”].
¶ 35 It thus would seem to make sense for courts to view the duty of reasonable care as the norm, and depart from that norm only in those cases where public policy justifies an exception to the general rule. See id. § 7(b) (“In exceptional eases, when ... policy warrants denying or limiting liability in a particular class of eases, a court may decide that the defendant has no duty or that the ordinary duty of reasonable care requires modification.”); 1 Dan B. Dobbs, The Law of Torts § 227, at 579 (2001) (“[N]o-duty rules should be invoked only when all eases they cover fall substantially within the policy that frees the defendant of liability.”); see also Stagl v. Delta Airlines, Inc., 52 F.3d 463, 469 (2d Cir.1995) (Calabresi, J.) (“[T]he judicial pow *148 er to modify the general [duty] rule ... is reserved for very limited situations.”) (applying New York law).
¶36 A judicial finding that a defendant owes no duty to a plaintiff means that even if the defendant’s actions were unreasonable and proximately caused harm to the plaintiff, the plaintiff has no recourse. Such a result should obtain, it seems to me, only when there is a good reason for doing so, and courts finding no duty as a matter of law should be required clearly to identify that reason.[5]
¶ 37 The exemption from liability for social hosts is a good example of a policy-based duty exception. Courts have imposed only limited duties of care upon social hosts serving alcohol because of “staggering” economic and social consequences from adhering to the general rule of reasonable care. See Kecko-nen v. Robles, 146 Ariz. 268, 272, 705 P.2d 945, 949 (App.1985).
¶38 If the analytic framework suggested by the Third Restatement were applied here, the only issue would be whether' there existed a good policy reason to exempt those who distribute prescription drugs to unauthorized users from the general duty of care. As the Court correctly concludes, there is none. Op. ¶¶ 23-31. Thus, adoption of the Third Restatement approach would not alter the result we reach today.
¶ 39 My tentative sense, however, is that the Third Restatement rubric would simplify our analytical task in future cases and remove some understandable confusion among the bar and lower courts on the duty issue. For example, we have previously stated that the issue of duty depends on “the relationship of the parties.” Markowitz v. Ariz. Parks Bd., 146 Ariz. 352, 356, 706 P.2d 364, 368 (1985). The court of appeals in this case therefore felt constrained to determine whether the relationship between Kasey and Followill, who were co-workers and friends, was sufficient to impose a duty of reasonable care. Gipson v. Kasey, 212 Ariz. 235, 239 ¶ 16, 129 P.3d 957, 961 (App.2006). But, as the Court correctly notes today, a duty of reasonable care is often found even when the parties have no prior relationship at all — -in automobile accident cases, for instance. Op. ¶ 18 & n. 3; see also Stanley v. McCarver, 208 Ariz. 219, 221-22 ¶ 8, 92 P.3d 849, 851-52 (2004) (noting that “courts have imposed duties for the protection of persons with whom no preexisting ‘relationship’ existed”).
¶ 40 Under the approach counseled by the Third Restatement, the relationship of the parties is relevant to duty only insofar as it may suggest policy reasons for modifying or eliminating the general duty of reasonable care. Thus, in order to avoid the imposition of excessive costs on possessors of land and to protect property rights, public policy dictates that the landowner’s duty to a deliberate trespasser is limited to refraining from willful or wanton injurious conduct. See, e.g., Barnhizer v. Paradise Valley Unified Sch. Dist. No. 69, 123 Ariz. 253, 254, 599 P.2d 209, 210 (1979) (citing Restatement (Second) of Torts § 333 (1965)). And, in some cases in which there is no prior relationship between the parties, public policy may support excusing the defendant from the general duty of reasonable care. Cf. McCarver, 208 Ariz. at 225 ¶ 20, 92 P.3d at 855 (considering whether imposition of duty on physician to non-patient would “chill” doctors from doing pre-employment examinations).
¶ 41 Despite what appear to me to be the advantages of the Third Restatement approach to duty, the parties in this case have not urged its adoption. We therefore have not had the benefit of argument by counsel or amici as to why such an approach would be preferable to our current jurisprudence. Nor has the Third Restatement been finally adopted by the American Law Institute. For those reasons, and because application of the Third Restatement would not in any event change the result today, I leave the issue for another day and concur in the opinion of the Court.

. In so doing, courts will aid the Legislature in making informed judgments as to whether the common law of duty should be statutorily modified in any particular class of cases.