The bankruptcy court therefore did not abuse its discretion in partially denying the motion.

Given our conclusion, we need not reach the merits of the Nichols' contention that the judgment of nondischargeability should have been reduced by half. Even assuming the Nichols are correct, they are not entitled to relief under Rule 60(b)(5). *See Title v. United States,* 263 F.2d 28, 30–31 (9th Cir.1959) (expressly recognizing that the underlying judgment was erroneous, yet denying Rule 60(b)(5) relief because the error should have been raised in a direct appeal).

**AFFIRMED.**

**Jose Luis Torres RODRIGUEZ, Plaintiff—Appellant,**

v.

**CITY OF PHOENIX; et al., Defendants—Appellees.**

**No. 07–15390.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 2008.\*

Filed Nov. 14, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Keith M. Knowlton, Esq., Keith M. Knowlton LLC, Mesa, AZ, for Plaintiff–Appellant.

Kathleen L. Wieneke, Esq., Randall H. Warner, Esq., Jones Skelton & Hochuli, PLC, Daryl Manhart, Esq., Dennis Dale Carpenter, Jr., Burch & Cracchiolo, P.A., Dennis Dale Carpenter, Jr., Maricopa County Attorney's Office, Division of County Counsel, Phoenix, AZ, for Defendants–Appellees.

Before: HUG, ARCHER,** and CLIFTON, Circuit Judges.

### MEMORANDUM ***

Jose Luis Torres Rodriguez ("Rodriguez") appeals the district court's grant of summary judgment in favor of the appellees on his 42 U.S.C. § 1983 and state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts of the

---

** The Honorable Glenn L. Archer, Jr., United States Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

case, so we repeat them here only to the extent necessary to explain our decision.

Rodriguez argues that under *Suboh v. District Attorney's Office of the Suffolk District*, 298 F.3d 81 (1st Cir.2002), Prosecutor Hughes and Detective Fragoso violated his right to due process by, in effect, determining the custody of Rodriguez's daughter, Ana. In *Suboh*, the police arrested the child's mother, took physical custody of her child, and then turned the child over to the mother's parents while having reason to know the grandparents were not the child's rightful custodians and would leave immediately for Morocco. *Id.* at 85–88. The First Circuit found a possible constitutional violation because the detective did not follow state procedures for terminating the mother's parental rights, but instead "short-circuited all of these procedures by deciding the issue on his own." *Id.* at 92.

■ *Suboh* is inapposite to the present case. Prosecutor Hughes and Detective Fragoso did not take Ana from Rodriguez's custody. Although they asked Ana to travel to Arizona from Mexico, where she was living with relatives, to testify in the prosecution of her mother's killer, she was not subpoenaed by Prosecutor Hughes. Additionally, contrary to Rodriguez's assertions, Prosecutor Hughes and Detective Fragoso never had custody of Ana.

Rodriguez suggests · that Prosecutor Hughes and Detective Fragoso should have taken Ana into custody when they had the chance. The custody order, however, did not require police enforcement. Similarly, the Due Process Clause itself did not require Prosecutor Hughes and Detective Fragoso to take Ana into custody:

> [N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property

of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.

*DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

■ Because Prosecutor Hughes and Detective Fragoso did not terminate Rodriguez's parental rights and had no affirmative duty to take Ana into custody and return her to Rodriguez, they did not violate Rodriguez's rights under the Fourteenth Amendment.

■ In order for Rodriguez to prevail on his negligence claim, he must demonstrate that Prosecutor Hughes and Detective Fragoso had a special relationship with Rodriguez that gave rise to a duty to protect him from unreasonable risks of harm. *See Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 706 P.2d 364, 368 (1985). As noted by the district court, there is no evidence of any special relationship between Rodriguez and Prosecutor Hughes or Detective Fragoso. Prosecutor Hughes had no duty to enforce a custody order that was unrelated to the criminal case she was prosecuting. Similarly, Detective Fragoso did not develop a special relationship with Rodriguez merely by speaking with him several years before the trial.

Rodriguez's final claim is one of custodial interference. Both parties agree that although the tort of custodial interference has not been recognized in Arizona, Arizona courts generally follow the Restate-

ment of Law. *See Wetherill v. Basham,* 197 Ariz. 198, 3 P.3d 1118, 1123 (Ariz.Ct. App.2000). Rodriguez relies on the Restatement (Second) of Torts § 700, which provides: "[o]ne who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him, is subject to liability to the parent." The district court correctly determined that Restatement § 700 simply does not apply to the facts of this case.

Accordingly, we affirm the district court's grant of summary judgment in favor of appellees.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.