NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MARY MACKAY, *Appellant*,

*v.*

AUTO-OWNERS INSURANCE COMPANY, *Appellee*.

No. 1 CA-CV 17-0377
FILED 7-26-18

---

Appeal from the Superior Court in Maricopa County
Nos. CV2014-054870 and CV2015-094548
(Consolidated)
The Honorable Aimee L. Anderson, Judge *Retired*

**REVERSED AND REMANDED**

---

COUNSEL

Jeffrey L. Victor PC, Scottsdale
By Jeffrey L. Victor

Law Office of Scott E. Boehm PC, Phoenix
By Scott E. Boehm
*Co-Counsel for Appellant*

Elardo Bragg & Rossi PC, Phoenix
By Venessa J. Bragg, Tico A. Glavas
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

**S W A N N**, Judge:

**¶1**          This is an appeal from an order granting summary judgment for the defendant on a negligence claim in a premises liability case.  We agree with the plaintiff that the defendant had a duty to maintain safe premises and that the plaintiff presented sufficient evidence to create a question of fact as to whether the defendant breached that duty.  Accordingly, and for reasons that follow, we reverse and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          Visiting her mother's home in Mesa, Mary Mackay sat on a swinging chair that her mother had hung from the patio ceiling a year earlier.  After sitting on the chair, the patio roof collapsed on her, and she sustained injuries as a result.  At the time the roof collapsed, Mackay's mother was leasing the home from Andrea Kash, who insured the premises through Auto-Owners Insurance Company ("AOI").

**¶3**          After the collapse, the City of Mesa inspected the premises and deemed it "unsafe" and "structurally unsound" under the Mesa City Code.  The City sent Kash a "Notice of Unsafe Structure," informing her of the observed code violations, and requiring her to make specific repairs.

**¶4**          Mackay sued Kash for negligence per se based on Kash's alleged code violations and for basic negligence.  Kash could not be located, so Mackay served her by publication, and, one month later, AOI intervened.

**¶5**          Mackay moved for summary judgment on her negligence per se claim, pointing to Kash's alleged failure to comply with the Mesa City Code and A.R.S. § 33-1324 (a landlord's duty to maintain fit premises).  In the same month, AOI moved for summary judgment as to Mackay's negligence claim, contending that Kash had no notice of the dangerous condition and therefore had no duty to Mackay.  The superior court granted AOI's motion and denied Mackay's motion, ruling that the negligence per se claim failed as a matter of law and that Mackay had failed to establish that Kash had notice of the dangerous condition.  The court then awarded

$15,969.06 to AOI for its costs and witness fees under Ariz. R. Civ. P. ("Rule") 68. Mackay appeals.

## DISCUSSION

**¶6**        Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Rule 56(a). Summary judgment "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). We review a grant of summary judgment de novo, and we view the facts in the light most favorable to the non-moving party. *St. George v. Plimpton*, 241 Ariz. 163, 165, ¶ 11 (App. 2016).

## I.        KASH OWED MACKAY A DUTY OF REASONABLE CARE.

**¶7**        To establish negligence, a plaintiff must show (1) a duty requiring the defendant to conform to a certain standard of care, (2) a breach of that standard, (3) injury caused by the breach, and (4) actual damages. *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007). Importantly here, "[t]he issue of duty is not a factual matter; it is a legal matter to be determined *before* the case-specific facts are considered." *Id.* at 145, ¶ 21 (citing *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 354 (1985)).

**¶8**        Citing *Gipson* and *Diaz v. Phoenix Lubrication Service Inc.*, 224 Ariz. 335, 338 (App. 2010), AOI contends, as it did in its summary judgment motion, that notice of a hazardous condition is a threshold issue such that there is no duty if there is no notice. The superior court adopted AOI's interpretation of *Gipson*, and, finding that Mackay had failed to establish notice, granted AOI's summary judgment motion. The court explained:

> Before this Court can address whether Defendant Andrea Kash owed a duty to Plaintiff, the Court must first find notice. A landowner must have notice of the condition for the plaintiff to even get to a jury. *See Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007). Notice is the threshold element of Plaintiff's premises liability lawsuit. Plaintiff must establish that Defendant Andrea Kash had notice of the actual unreasonably dangerous condition itself.

**¶9**        Mackay argues that AOI and the superior court misinterpret the case law. We agree. *Markowitz*, *Gipson*, and *Diaz* all held that the

existence of a duty, not notice, is the threshold issue in a negligence action. *Gipson*, 214 Ariz. at 143, ¶ 11; *Markowitz*, 146 Ariz. at 354; *Diaz*, 224 Ariz. at 338. Indeed, *Markowitz* warned against just this problem (considering particular facts of the incident in determining whether there is a duty): "[t]hese details of conduct bear upon the issue of whether the defendant who does have a duty has breached the applicable standard of care and not whether such a standard of care exists in the first instance." 146 Ariz. at 355. *Gipson* reaffirmed this analytical framework. 214 Ariz. at 144, ¶ 15 (holding that foreseeability is not "a factor to be considered by courts when making determinations of duty"); *see also Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 564–65, ¶¶ 10, 12 (2018) (observing that, even though *Markowitz* "limited foreseeability to determining the issue of breach," it was "*Gipson* [that] enacted a sea change in Arizona tort law by removing foreseeability from our duty framework"). The court here therefore erred by applying foreseeability—or "notice"—in its duty analysis.

¶10        We find that Kash did owe a duty to Mackay. Mackay was indisputably an invitee at the premises, and Arizona law imposes a duty on a possessor of land, like Kash, to use reasonable care to make the premises safe for invitees. *See McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 252, ¶ 22 (App. 2013) (citing *Markowitz*, 146 Ariz. at 355); *see also Piccola v. Woodall*, 186 Ariz. 307, 310 (App. 1996).

¶11        Mackay further contends that even if we generously interpret the superior court's order as finding that Kash owed a duty but that Mackay had not provided sufficient evidence to create a genuine dispute of material fact, the court still erred. The record supports Mackay's contention. For example, two previous tenants testified that a tile had fallen from the patio roof. In the first instance, the tenant replaced the tile. In the second instance, the tenant informed Kash's property manager of the fallen tile and the manager had it fixed. The same previous tenant also testified that she informed the manager that carpenter bees were possibly burrowing into a post supporting the patio roof. Additionally, the property manager agreed that based on the City of Mesa's inspection and the simple fact that it collapsed, the patio roof was "not fit in the manner it was maintained." Viewing these facts in the light most favorable to Mackay, there is an issue of material fact regarding notice and reasonableness, and those issues are reserved for the jury. *See St. George*, 241 Ariz. at 165, ¶ 11.

¶12        Mackay also contends that Kash accepted a duty based on their lease agreement, which provides, in part, that the "Landlord agrees to maintain the Premises as provided in A.R.S. § 33-1324." She further

contends that violation of the lease provision gives rise to strict liability. We disagree with both propositions.

¶13        First, "a contract to keep the premises in [] safe condition subjects the lessor to liability only if he does not exercise reasonable care after he has had notice of the need of repairs." *Piccola*, 186 Ariz. at 310 n.4 (quoting Restatement (Second) of Torts § 357 cmt. d (1965)). In *Piccola*, we declined to extend a contractual duty to an analogous lease provision when the lessee, similar to Mackay here, never notified the landlord of any problem. *See id.* Second, "[s]trict liability is a public policy device to spread the risk from one to whom a defective *product* may be a catastrophe . . . to those who marketed the product, profit from its sale, and have the know-how to remove its defects before placing it in the chain of distribution." *Antone v. Greater Ariz. Auto Auction*, 214 Ariz. 550, 552, ¶ 10 (App. 2007) (emphasis added) (citing *Tucson Indus., Inc. v. Schwartz*, 108 Ariz. 464, 467–68 (1972)). In contrast, a violation of a residential lease provision does not give rise to strict liability. *See id.* at 552–53, ¶¶ 11–12.

¶14        We hold that Kash, as landlord, owed Mackay, as invitee, a common law duty of reasonable care to make the premises safe for invitees. *See McMurtry*, 231 Ariz. at 252, ¶ 22; *Markowitz*, 146 Ariz. at 355; *Piccola*, 186 Ariz. at 310. Accordingly, the superior court erred by ruling that Kash did not owe Mackay such a duty. Furthermore, we hold that Mackay presented sufficient evidence to create a genuine dispute of material fact as to whether Kash breached her duty, therefore creating a fact issue for the jury. *See Gipson*, 214 Ariz. at 144, ¶ 16. We reverse the entry of summary judgment and remand this matter to the superior court for further proceedings.

II.    WE WILL NOT ADDRESS THE SUPERIOR COURT'S DENIAL OF MACKAY'S MOTION FOR SUMMARY JUDGMENT.

¶15        Generally, a party may not appeal an order denying summary judgment. *Fleitz v. Van Westrienen*, 114 Ariz. 246, 248 (App. 1977). The parties here agreed at oral argument that the superior court's denial of Mackay's motion for summary judgment on her negligence per se claim is not an appealable judgment. Because the issue can still be litigated in superior court, it would be premature to address it here. We therefore decline to do so.

**CONCLUSION**

¶16　　　　For the foregoing reasons, we reverse the grant of summary judgment in favor of AOI and remand for further proceedings.  We further vacate the judgment awarding Rule 68 sanctions against Mackay.



AMY M. WOOD • Clerk of the Court
FILED:　　　JT