110 F.3d 44
 37 Fed.R.Serv.3d 464, 117 Ed. Law Rep. 116,
97 Cal. Daily Op. Serv. 2153,
97 Daily Journal D.A.R. 3998
 Grace KEAMS; Jolene Cordero; Bunny McCorkey; individually
and on behalf of all others similarly situated,
Plaintiffs-Appellants,
v.
TEMPE TECHNICAL INSTITUTE, INC., Defendant,
and
Accrediting Commission of Career Schools and Colleges of
Technology (ACCSCT); Accrediting Bureau of Health
and Education Schools Programs (ABHES),
Defendants-Appellees.
 No. 95-16106.
 United States Court of Appeals,Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Memorandum Filed Dec. 6, 1996.
Decided March 26, 1997.
 
 Bruce A. Burke, Tucson, Arizona, for plaintiffs-appellants.
 Mark L. Pelesh, Cohn and Marks, Washington, D.C.; David L. White, White, Cummings & Longino, Phoenix, Arizona, for Accrediting Commission of Career Schools and Colleges of Technology.
 David C. Tierney and James W. Armstrong, Sacks Tierney P.A., Phoenix, Arizona, for Accrediting Bureau of Health and Education Schools Programs.
 Appeal from the United States District Court for the District of Arizona, Roslyn O. Silver, District Judge, Presiding. D.C. No. CV-91-00728-ROS.
 Before WALLACE, SNEED, and RYMER, Circuit Judges.ORDER
 The Memorandum disposition filed December 6, 1996, is redesignated an authored Opinion by Judge Joseph T. Sneed.
 OPINION
 SNEED, Circuit Judge:
 
 
 1
 Appellants, plaintiffs below, are Native American students who attended Tempe Technical Institute (TTI) and took out federally-guaranteed student loans. Appellees, the Bureau of Health Education Schools/Programs ("ABHES") and the Accrediting Commission of Career Schools and Colleges of Technology ("ACCSCT"),[1] are nationally recognized accrediting agencies that accredited TTI. Appellants allege that ABHES and ACCSCT acted negligently by accrediting TTI. The district court dismissed this claim for failure to state a claim upon which relief can be granted. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 I.
 
 2
 Rule 12(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:
 
 
 3
 If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
 
 
 4
 When appellees filed their 12(b)(6) motions to dismiss, they attached exhibits describing their accreditation procedures and standards for accreditation. The district court did not exclude these exhibits. Accordingly, appellants claim that the district court should have treated appellees' 12(b)(6) motions as motions for summary judgment.
 
 
 5
 This court has held that a 12(b)(6) motion need not be converted into a motion for summary judgment when matters outside the pleading are introduced, provided that "nothing in the record suggest[s] reliance" on those extraneous materials. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 582 (9th Cir.1983). In the present case, the district court stated that it did not rely on the exhibits submitted by ABHES and ACCSCT to justify its legal conclusion that plaintiffs had failed to state a claim upon which relief could be granted. Hence, the district court did not err by treating appellees' motions as motions to dismiss.
 
 II.
 
 6
 Appellants contend that the district court erred by denying leave to amend the complaint to state a cause of action for negligent misrepresentation. The standard by which we review a denial of a motion to amend a complaint is abuse of discretion. Maljack Productions v. GoodTimes Home Video Corp., 81 F.3d 881 (9th Cir.1996).
 
 
 7
 Arizona recognizes the tort of negligent misrepresentation. St. Joseph's Hosp. v. Reserve Life Ins., 154 Ariz. 307, 742 P.2d 808, 813 (1987). Under Arizona law, the parameters of the tort are defined by Section 552 of the Restatement (Second) of Torts. Id. 742 P.2d at 813. Appellants' initial complaint, filed in March 1991, did not state a cause of action against ABHES or ACCSCT under Section 552. Appellants later requested leave to amend the complaint to state such a cause of action. In a court hearing, the district judge repeatedly pressed appellants to describe the factual basis for alleging a claim under Section 552. In particular, she noted that Section 552 requires false statements; four times she asked appellants for evidence of false statements by appellees. Appellants failed to cite any evidentiary support for an allegation that appellees had made false statements. In light of appellants' failure to adduce any such evidence, we hold that the district judge did not abuse her discretion by denying appellants leave to amend their complaint.
 
 III.
 
 8
 The heart of appellants' claim is that ABHES and ACCSCT negligently monitored and accredited TTI, thereby causing appellants monetary damages. The district court dismissed appellants' negligence claim for failure to state a claim upon which relief can be granted. We review de novo a district court's dismissal for failure to state a claim. Keams v. Tempe Technical Institute, Inc., 39 F.3d 222, 227 (9th Cir.1994).
 
 
 9
 Under Arizona law, to sustain an action for negligence, plaintiffs must establish that "there is a duty or obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct." Hamman v. County of Maricopa, 161 Ariz. 58, 775 P.2d 1122, 1125 (1989). Whether defendants owe plaintiffs a duty is a question of Arizona state law. Id. 775 P.2d at 1125. Under Arizona law, its courts will impose a duty "where both the plaintiff and the risk are foreseeable to a reasonable person." Donnelly Const. Co. v. Oberg/Hunt/Gilleland, 139 Ariz. 184, 677 P.2d 1292, 1295 (1984).
 
 
 10
 Appellants contend that it was foreseeable, to a reasonable person in the position of ABHES and/or ACCSCT, that negligent performance of their accreditation function would cause precisely the type of harm alleged in this case, to precisely the types of plaintiffs who advance those claims. The district court specifically rejected this contention. It pointed out that appellants had not presented sufficient evidence that false information actually had been supplied; that no Arizona case authority had recognized a duty of care creating liability under facts analogous to these; and that the ABHES and ACCSCT were under no public duty as is envisioned by Section 552(2), (3) of the Restatement (Second) of Torts. Finally, appellants are unable to identify a single decision wherein any court in the United States has held that accrediting agencies, such as ABHES and ACCSCT, owe a tort law duty to students who attend the schools accredited by those agencies. Accordingly, we recognize that under Arizona law ABHES and ACCSCT owed no duty to TTI students.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 ACCSCT is the successor in interest to the National Association of Trade and Technical Schools ("NATTS"). This opinion treats all actions by NATTS as if they were actions by ACCSCT