NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

BRYAN MOORE, a married man, *Plaintiff/Appellant,*

*v.*

JOE PARHAM, et al., *Defendants/Appellees.*

No. 1 CA-CV 15-0603
FILED 10-4-2016

---

Appeal from the Superior Court in Mohave County
No. S8015CV201300175
The Honorable Derek C. Carlisle, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Breyer Law Offices, P.C., Phoenix
By Mark P. Breyer, Brian C. Fawber
*Counsel for Plaintiff/Appellant*

Pywowarczuk Law, P.L.L.C., Tempe
By Kristina L. Pywowarczuk, Katherine E. Hay
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

¶1        Plaintiff/appellant Brian Moore appeals the superior court's summary judgment for defendants/appellees Joe Parham, individually and as trustee for the Joe Parham Revocable Living Trust (collectively, "Parham").  Because we determine that a question of fact exists regarding whether Parham breached the duty of care he owed Moore, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2        Parham owned a residential property in Lake Havasu that he leased to Mel Allen.  In June 2012, Moore, an employee of satellite television provider Dish Network, came to the property to install a satellite dish for Allen.  Moore was injured when he attempted to access the roof by climbing on a shade structure attached to the house.

¶3        Moore filed a complaint against Parham, as the owner of the house, alleging that Parham negligently failed to correct, or warn Moore about, the "unreasonably dangerous" condition of the shade structure.  Parham moved for summary judgment, arguing that the shade structure was not unreasonably dangerous and Moore had exceeded the scope of his invitation on the property by climbing on it.  In response, Moore offered evidence that Allen directed him to access the roof by climbing on the shade structure.[1]

¶4        The superior court granted summary judgment for Parham, ruling as a matter of law that the shade structure was not unreasonably dangerous for its intended use.  The court noted that, even if it accepted Moore's evidence that Allen directed him to use the shade structure to access the roof, there was no evidence that Parham authorized Allen to make such a statement, and, therefore, Moore's activity was impliedly beyond the scope of his invitation.[2]

---

[1]      Allen's account of his conversation with Moore differed significantly, but in reviewing summary judgment, we view the evidence in the light most favorable to the non-moving party.  *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 116, ¶ 17, 180 P.3d 977, 981 (App. 2008).

[2]      The superior court certified the judgment as immediately appealable pursuant to Arizona Rule of Civil Procedure 54(b); however, because all

¶5        Moore timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016).

**ANALYSIS**

¶6        Moore argues the superior court erred by granting summary judgment in favor of Parham because genuine issues of material fact precluded judgment as a matter of law.

¶7        The superior court shall grant summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).  Summary judgment "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense."  *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).  If the evidence would allow a jury to resolve a material issue in favor of either party, summary judgment is improper.  *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 195, 805 P.2d 1012, 1016 (App. 1990).

¶8        To establish negligence, a plaintiff must show a duty requiring the defendant to conform to a certain standard of care, a breach of that standard that causes injury, and actual damages.  *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9, 150 P.3d 228, 230 (2007).  The question whether a duty exists is generally a matter of law for the court to decide.  *Id.* (citing *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 356, 706 P.2d 364, 368 (1985), *superseded on other grounds by* A.R.S. § 33-1551 (Supp. 2015)).

¶9        Arizona law imposes a duty on a possessor of land to use reasonable care to make the premises safe for invitees.  *McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 252, ¶ 22, 293 P.3d 520, 528 (App. 2013) (citing *Markowitz*, 146 Ariz. at 355, 706 P.2d at 367); *see also Piccola v. Woodall*, 186 Ariz. 307, 310, 921 P.2d 710, 713 (App. 1996) (holding that a landlord has a duty to exercise reasonable care for the safety of tenants and others).[3]

---

claims against all parties had been resolved, it appears the superior court intended to reference Rule 54(c), Ariz. R. Civ. P.

[3]        Leasing the premises does not relieve a landlord from responsibility under all circumstances, *see Piccola*, 186 Ariz. at 312-13, 921 P.2d at 715-16 (holding that the landlord's duty to warn about or remedy an unreasonably

The standard of reasonable care generally includes an obligation to discover and correct or warn of unreasonably dangerous conditions that the possessor of the premises should reasonably foresee could endanger an invitee. *Markowitz*, 146 Ariz. at 355, 706 P.2d at 367; *accord McMurtry*, 231 Ariz. at 252, ¶ 23, 293 P.3d at 528.

**¶10** Parham argues the shade structure was not unreasonably dangerous because there is no evidence it would have collapsed if Moore had not climbed on it. Nevertheless, a jury could find that Parham violated the standard of care if it determines he should have reasonably foreseen that an invitee, including Moore, would climb on the structure. *See McMurtry*, 231 Ariz. at 252, ¶ 23, 293 P.3d at 528. "A reasonably foreseeable event is one that might 'reasonably be expected to occur now and then, and would be recognized as not highly unlikely if it did suggest itself to the actor's mind.'" *Id.* at 253, ¶ 23, 293 P.3d at 529 (quoting *Tellez v. Saban*, 188 Ariz. 165, 172, 933 P.2d 1233, 1240 (App. 1996)). If reasonable people could differ about whether a danger is foreseeable, the question of negligence is one of fact for a jury to decide. *Markowitz*, 146 Ariz. at 357-58, 706 P.2d at 369-70; *accord McMurtry*, 231 Ariz. at 253, ¶ 23, 293 P.3d at 529.

**¶11** According to Moore, Allen told him that others had accessed the roof from the shade structure and directed him to do the same, the structure appeared sturdy, and he tested its stability when he first stepped on it.[4] Given this evidence, we cannot say as a matter of law that the shade structure was not unreasonably dangerous because no person could reasonably foresee that an invitee might climb on the structure. *See Markowitz*, 146 Ariz. at 358, 706 P.2d at 370. Accordingly, and because it is undisputed that Parham did not correct the structure or warn Moore about it, the superior court erred in ruling as a matter of law that Parham did not breach his duty to Moore. Whether Parham acted within his duty is a question that must be answered by the jury within the context of the facts

---

dangerous condition continued until the tenant had a reasonable opportunity to discover the condition and take precautions), and Parham does not argue that he was relieved of his duty of care when he leased the premises to Allen.

[4] We do not impute Allen's statements to Parham under an agency theory, as Parham contends. Allen's statements are relevant to whether it was reasonably foreseeable that an invitee would attempt to access the roof by climbing on the shade structure.

and circumstances of the case. *See McMurtry*, 231 Ariz. at 253, ¶ 24, 293 P.3d at 529.[5]

## CONCLUSION

**¶12** For the foregoing reasons, we reverse and remand for further proceedings consistent with this decision. We award taxable costs to Moore upon his compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[5] Our decision is largely compelled by our supreme court's decision in *Markowitz*. Under *Markowitz*, once a duty exists, questions of negligence on the part of a defendant—and a plaintiff—*must* be answered by a jury. *See* 146 Ariz. at 356-59, 706 P.2d at 368-71.